# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-1150V
Filed: June 11, 2015
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
| | | |
|---|---|---|
| BARBARA BUDGAKE, | * | |
| | * | |
| Petitioner, | * | Damages Decision Based on Proffer; |
| | * | Influenza Vaccine ("Flu"); Shoulder |
| | * | Injury Related to Vaccine Administration |
| SECRETARY OF HEALTH | * | ("SIRVA"); Special Processing Unit |
| AND HUMAN SERVICES, | * | ("SPU") |
| | * | |
| Respondent. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Lawrence Disparti, Disparti Law Group, PA, Holiday, FL,* for petitioner.
*Justine Walters, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION AWARDING DAMAGES[1]

**Vowell**, Chief Special Master:

On November 25, 2014, Barbara Budgake filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that she suffered a left shoulder injury as a result of an influenza ["flu"] vaccination on January 11, 2013. Petition at 1-3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 9, 2015, I issued a ruling on entitlement, finding petitioner entitled to compensation for a shoulder injury related to vaccine administration ["SIRVA"]. On June 10, 2015, respondent filed a proffer on award of compensation ["Proffer"] detailing compensation in the amount of $920.85 for past lost earnings, $100,000.00 for actual

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

and projected pain and suffering, and $1,537.85 for past un-reimbursable expenses for a total of $102,458.70. Proffer at 1-3.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $102, 458.70 in the form of a check payable to petitioner, Barbara Budgake.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| BARBARA BUDGAKE, ) | |
| ) | |
| Petitioner, ) | |
| ) | No.  14-1150V |
| v. ) | Chief Special Master Vowell |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.     Items of Compensation**

For the purposes of this proffer, the term "vaccine-related" is as described in Respondent's Rule 4(c) Report filed on April 7, 2015.

   A.     Future Unreimbursable Expenses

The parties agree that based upon the evidence of record, petitioner will not require future care for her vaccine-related injury.  Therefore, respondent proffers that petitioner should be awarded no future unreimbursable expenses under 42 U.S.C. § 300aa-15(a)(1). Petitioner agrees.

   B.     Lost Earnings

The parties agree that based upon the evidence of record, petitioner has suffered a past loss of earnings of $920.85.  She will, however, continue to be gainfully employed in the future. Therefore, respondent proffers that petitioner should be awarded actual lost earnings, but not anticipated loss of earnings, as provided under 42 U.S.C. § 300aa-15(a)(3)(A).  Respondent proffers that the appropriate award for petitioner's lost earnings is $920.85.  Petitioner agrees.

C.      <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $100,000.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

D.      <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,537.85. Petitioner agrees.

E.      <u>Medicaid Lien</u>

Petitioner represents that there are no outstanding Medicaid liens against her.

## II. **Form of the Award**

The parties recommend that compensation provided to petitioner should be made through lump sum payments as described below and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

A.  A lump sum payment of $920.85, representing compensation for actual lost earnings, in the form of a check payable to petitioner;

B.  A lump sum payment of $100,000.00, representing compensation for pain and suffering, in the form of a check payable to petitioner; and

C.  A lump sum payment of $1,537.85, representing compensation for past unreimbursable expenses, in the form of a check payable to petitioner.

**III.    Summary of Recommended Payments Following Judgment**

    A.    Lump sum paid to petitioner:                                    **$102,458.70**

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Tort Branch, Civil Division

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division

 s/ Justine Walters
JUSTINE WALTERS
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146

Dated: June 10, 2015                                      Telephone: (202) 307-6393

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.